IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CRIMINAL ACTION |
| v. : | NO. 12-602 |
| : | |
| BREYON HARE : | |
|     Defendant. | |

**ORDER**

AND NOW, this 14th day of March, 2014, it is hereby ORDERED as follows:

(1) Upon consideration of Defendant Breyon Hare's unopposed Motion to Continue for Continuance (Doc. No. 84), and it appearing that the interests of justice served by granting the requested continuance outweigh the best interests of the public and the defendant in a speedy trial , it is hereby ORDERED that pursuant to 18 U.S.C. § 3161(h)(7)(A), said Motion is GRANTED. It is further ORDERED that taking into account the exercise of due diligence, the failure to grant the requested continuance would deny counsel for the defendant reasonable and adequate time necessary for effective preparation, therefore trial in this matter shall commence on Wednesday, September 10, 2014 at 11:00 a.m. and the continuance period shall be marked excludable in accordance with 18 U.S.C. § 3161 (h)(7)(B)(iv);

(2) The following Motions are DENIED WITHOUT PREJUDICE: Defendant's First Motion to Sever Offenses (Doc. No. 50); Defendant's First Motion to Suppress Identification (Doc. No. 51); Defendant's Second Motion to Produce of Jencks Act Materials (Doc. No. 52;); Defendant's Second Motion for Disclosure of Exculpatory Evidence (Doc. No. 53); Defendant's Motions for Bill of Particulars (Doc. No. 54); Defendant's Second Motion for Government Agents to Retain Rough Notes (Doc. No. 55); and Defendant's Motion to Compel Production of Grand Jury Material (Doc. No. 65);[1] and

---

[1] On November 4, 2013, new counsel was appointed to represent Defendant in the above-captioned matter. Upon full review of the case, said counsel shall be permitted to file those motions he deems appropriate.

(3) Defendant's Second Motion to Dismiss Superseding Indictment (Doc. No. 56) is DENIED as moot.

BY THE COURT:

/s/  C. Darnell Jones, II      J.